UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

HERBERT HANSON, Individually and On    :
Behalf of All Others Similarly
Situated,                              :

    Plaintiff,                        :

         -v-                    :    12 Civ. 3166 (JSR)

                    :

FRAZER, LLP (formerly known as         :
Moore Stephens Wurth Frazer Torbet)    :
and FRIEDMAN, LLP,                     :

    Defendants.                       :

------------------------------------x

TODD EDWARDS, Individually and On      :
Behalf of All Others Similarly
Situated,                              :

                    :    12 Civ. 4222 (JSR)

    Plaintiff,                        :

         -v-                    :    MEMORANDUM ORDER

                    :

FRAZER, LLP (formerly known as         :
Moore Stephens Wurth Frazer Torbet)    :
and FRIEDMAN, LLP,                     :

    Defendants.                       :

------------------------------------x

JED S. RAKOFF, U.S.D.J.

On April 20, 2012, Herbert Hanson filed a class action lawsuit against Frazer, LLP and Friedman, LLP, outside auditors for China Natural Gas, Inc. ("CNG"), asserting claims under Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder on behalf of a putative class of shareholders who purchased CNG shares between March 10, 2010, and September 21, 2011. On June 20, 2012, the Court appointed Larry A. Weiser as lead plaintiff of the proposed class, see Order Appointing Lead Plaintiff

1

and Approving Selection of Counsel, 12 Civ. 3166, ECF No. 23 (S.D.N.Y. June 20, 2012). Weiser filed a Consolidated Class Action Complaint (the "Complaint") on June 26, 2012, and defendants moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). After full briefing and oral argument, the Court granted the motion, without prejudice to re-pleading. See Memorandum Order, 12 Civ. 3166, ECF No. 51 (S.D.N.Y. Sept. 24, 2013) ("Hanson I").

The allegations in the Complaint are set forth in detail in Hanson I, familiarity with which is here presumed. Broadly speaking, plaintiffs alleged that CNG's financial statements failed to disclose that, in early 2010, it made short-term loans to parties affiliated with CNG's chief executive officer, Qinan Ji. Plaintiffs further alleged that defendants failed to perform their audits in accordance with generally accepted audit standards ("GAAS") and then recklessly issued unqualified audit opinions stating that CNG's financial statements conformed to generally accepted accounting principles ("GAAP"). Id. at 2.

The Court held that plaintiffs' allegations failed to satisfy the heightened pleading standards of the Private Securities Litigation Reform Act ("PSLRA") and Federal Rule of Civil Procedure 9(b). Specifically, the Court held that plaintiffs failed to plead facts giving rise to a "strong inference of scienter," Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 323 (2007), as the purported "red flags" that they identified either were not known to defendants or were insufficient to establish that defendants were

2

reckless in failing to investigate further. See Hanson I, at 10-15. In addition, the Court held that plaintiffs failed to plead a misrepresentation of material fact, in that the Complaint did not allege any facts showing that defendants, in issuing their audit opinions, "'either did not in fact hold that opinion or knew [they] had no reasonable basis for it.'" Hanson I, at 15 (quoting In re Lehman Bros. Sec. & ERISA Litig., 799 F. Supp. 2d 258, 302 (S.D.N.Y. 2011)). However, because plaintiffs referenced additional facts in their briefing and at oral argument, the Court granted them leave to re-plead. Id. at 17.

Plaintiffs filed an Amended Consolidated Class Action Complaint (the "Amended Complaint") on October 23, 2013, and defendants again moved to dismiss. By "bottom line" Order dated February 21, 2014, the Court granted defendants' motions with prejudice. This Memorandum Order ("Hanson II") explains the reasons for that ruling and directs the entry of final judgment.

On a motion to dismiss a complaint under Rule 12(b)(6), a court must assess whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Mere conclusory statements in a complaint and "formulaic recitation[s] of the elements of a cause of action" are not sufficient. Twombly, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged."
Id.

To state a claim under Section 10(b), a private plaintiff must allege: (1) a material misrepresentation (or, where appropriate, omission), (2) scienter, i.e., a wrongful state of mind, (3) a connection with the purchase or sale of a security, (4) reliance, (5) economic loss, and (6) loss causation. Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 341-42 (2005). The PSLRA requires a complaint to "specify each statement alleged to have been misleading" and "the reason or reasons why the statement is misleading." 15 U.S.C. § 78u-4(b)(1). Similarly, Rule 9(b) requires plaintiffs alleging fraud to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b).

The factual allegations that plaintiffs have added in their Amended Complaint are drawn from a complaint filed by the Securities and Exchange Commission ("SEC") against CNG and its CEO, Ji. See Complaint, S.E.C. v. China Natural Gas, Inc. and Qinan Ji, No. 12 Civ. 3824 (S.D.N.Y. May 14, 2012) (the "SEC Complaint"). For example, the Amended Complaint alleges that the SEC's investigation revealed that, at CNG board meetings held in May and June of 2010, Ji gave conflicting explanations for the short-term loans that CNG had made earlier that year. Id. ¶¶ 85-86. Initially, he commented that CNG "could not refuse to make the loans because they involved senior government officers who were in charge of" a company project. Id. ¶ 85. The following week, Ji repeated this explanation on a

4

quarterly earnings conference call. Id. ¶ 86. These statements, plaintiffs allege, triggered "'regulatory inquiries into potential Foreign Corrupt Practices Act violations,'" after which Ji changed his explanation, saying "'he made the loans to earn quick and lucrative interest.'" Id. ¶ 87 (quoting SEC Complaint). The board then authorized hiring outside counsel to investigate the loans. Id. Had defendants reviewed the minutes of these board meetings, plaintiffs allege, then they would have been alerted to the clear signs of CNG's fraud. On the other hand, if defendants failed to review the board minutes, then their audit failed to comply with GAAS, in derogation of their duties. Id. ¶¶ 89-95, 104.

The Amended Complaint further alleges additional details, copied from the SEC Complaint, regarding CNG's and Ji's fraud, such as that the "true and undisclosed purpose of both loans was to benefit a real estate company called Xi'an Demaoxing Real Estate Co., Ltd. [] that was 90% owned by Ji's son [] and 10% owned by Ji's nephew"; that "Ji approved the two loans without obtaining the requisite approval of [CNG's] board of directors and without informing [CNG's] CFO"; and that CNG's disclosures to the SEC "falsely and misleadingly described the two loans as loans to third parties, and failed to disclose the involvement of any related parties." Id. ¶ 96. Finally, the Amended Complaint alleges that CNG and Ji, in order to settle the SEC's charges, both paid penalties and consented to the entry of judgments against them. Id. ¶ 22.

These new allegations fail to cure the deficiencies that resulted in the dismissal of the previous Complaint. As an initial matter, defendants argue that the new allegations are immaterial under Lipsky v. Commonwealth United Corp., 551 F.2d 887 (2d Cir. 1976), in which the Second Circuit held that "neither a complaint nor references to a complaint which results in a consent judgment may properly be cited in the pleadings under the facts of this case." Id. at 893. This is because a complaint simply consists of allegations, and a consent judgment typically is entered into without admitting or denying the allegations. Id. at 893-94. Thus, unless the plaintiff citing another party's complaint has independent knowledge of the truth of the allegations, they add nothing. Id.

Defendants argue that, because the new allegations here rely entirely on the SEC Complaint, they must be stricken pursuant to Lipsky and Federal Rule of Civil Procedure 12(f). Although several courts within this district have interpreted Lipsky in this way, see, e.g., In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig., 218 F.R.D. 76, 78 (S.D.N.Y. 2003), others have questioned whether it went so far.[1] After all, allegations in an SEC complaint

---

[1] See, e.g., HSN Nordbank AG v. RBS Holdings USA Inc., No. 13 Civ. 3303, 2015 WL 1307189, at *4 (S.D.N.Y. Mar. 23, 2015) ("[The] complaints cited in the disputed paragraphs are neither extraneous nor immaterial to the Complaint's allegations."); In re OSG Sec. Litig., 12 F. Supp. 3d 619, 620 (S.D.N.Y. 2014) ("Lipsky did not hold that a complaint may never reference allegations from a separate proceeding under any circumstances."); VNB Realty, Inc. v. Bank of Am. Corp., No. 11 Civ. 6805, 2013 WL 5179197, at *3

are the product of a government investigation and therefore arguably carry a presumption that they are the product of serious factual inquiry. The Court need not resolve this question, however, as it finds that, even taking cognizance of the allegations drawn from the SEC Complaint, plaintiffs' allegations fail.

First, the Amended Complaint fails to plead scienter. The "standard for pleading auditor scienter is demanding." Meridian Horizon Fund, LP v. Tremont Grp. Holdings, Inc., 747 F. Supp. 2d 406, 412 (S.D.N.Y. 2010) aff'd sub nom. Meridian Horizon Fund, LP v. KPMG (Cayman), 487 F. App'x 636 (2d Cir. 2012). In order for recklessness on the part of an auditor to amount to securities fraud scienter, a plaintiff must plead that the audit "amounted to no audit at all, or an egregious refusal to see the obvious, or investigate the doubtful, or that the accounting judgments which were made were such that no reasonable accountant would have made the same decision confronted with the same facts." Id. (citation and internal quotation marks omitted).

The new allegations fall far short of this standard. Plaintiffs' primary argument is that defendants either reviewed the

---

(S.D.N.Y. Sept. 16, 2013) ("A close reading of Lipsky reveals that it does not mandate the elimination of material from a complaint simply because the material is copied from another complaint."); In re Bear Stearns Mortg. Pass-Through Certificates Litig., 851 F. Supp. 2d 746, 768 n.24 (S.D.N.Y. 2012) ("It makes little sense to say that information … which the [complaint] could unquestionably rely on if it were mentioned in a news clipping or public testimony [] is immaterial simply because it is conveyed in an unadjudicated complaint.").

minutes of the board meetings at which Ji allegedly made his contradictory statements, in which case they were aware of certain "red flags," or they were reckless in failing to do so. Tellingly, however, neither the Amended Complaint nor the SEC Complaint alleges what those board minutes actually said, or even that Ji's contradictory statements were reflected in them. See Teamsters Local 445 Freight Div. Pension Fund v. Dynex Capital Inc., 531 F.3d 190, 196 (2d Cir. 2008) (holding that plaintiff must "must specifically identify the reports or statements containing [the relevant] information"). Thus, plaintiffs' allegations are perfectly consistent with defendants having reviewed the board minutes and remained unaware of Ji's alleged contradictory statements.

Even assuming that Ji's statements were recorded in the board minutes, the resulting inference of defendants' scienter is decidedly weak. If, on the one hand, defendants did not review the board minutes, that fact alone would not establish recklessness. It is not sufficient for a plaintiff to allege that an auditor "would have discovered these warning signs if it had conducted an audit in accordance with" audit standards. Stephenson v. PricewaterhouseCoopers, LLP, 768 F. Supp. 2d 562, 574 (S.D.N.Y. 2011) aff'd, 482 F. App'x 618 (2d Cir. 2012), as amended (June 13, 2012); see also In re AOL Time Warner, Inc. Sec. and ERISA Litig., 381 F. Supp. 2d 192, 239 (S.D.N.Y.2004) ("[A]llegations of GAAP and GAAS violations are not sufficient, on their own, to establish scienter.").

If, on the other hand, defendants did review the board minutes, their failure to discover CNG's well-concealed fraud hardly amounts to recklessness. Ji's alleged contradictory statements were a single hint — and a vague and ambiguous one at that — that something might be amiss at CNG. His statements did not disclose, or even allude to, the possibility that the loans were made to related parties. Thus, these statements are not the type of pervasive, glaring "red flags" that could support an inference of scienter. See Whalen v. Hibernia Foods PLC, No. 04 Civ. 3182, 2005 WL 1799370, at *3 (S.D.N.Y. Aug. 1, 2005) (holding that "wide variety" of red flags "taken together" supported strong inference of recklessness); In re Philip Servs. Corp. Sec. Litig., 383 F. Supp. 2d 463, 475 (S.D.N.Y. 2004) (finding allegations of "multiple" red flags to be sufficient when "considered in the aggregate"). Accordingly, the newly alleged facts regarding the May-June 2010 board meetings fail to establish that defendants were reckless in failing to discover a fraud that duped so many others.

The balance of the new allegations flesh out certain details of CNG's and Ji's fraud but provide no additional basis to infer that defendants had any knowledge of that fraud. The additional facts taken from the SEC's Complaint — which did not name Frazer, LLP or Friedman, LLP as defendants — merely set forth the depth of Ji's duplicity. See, e.g., Am. Compl. ¶ 96. This is a case in which "there was certainly a monster under the bed; the question is whether anyone had a reason to look there." In re Refco, Inc. Sec.

9

Litig., 503 F. Supp. 2d 611, 649 (S.D.N.Y. 2007). Plaintiffs' new allegations fail to establish that defendants had any reason to look. Thus, the new allegations do not supply the "strong inference of scienter" that was lacking from the original Complaint.

To the contrary, the SEC Complaint alleges that CNG's leadership went to considerable lengths to hide the true nature of the loans from defendants.[2] Under the heading "Misrepresentation to [CNG's] Auditors," the SEC Complaint alleges that CNG told its outside auditors that "the loans had been made to third parties and no related party was involved," and provided them with "a legal opinion to this effect from its local legal counsel." SEC Compl. ¶ 43. It further alleges that Ji "signed a management representation letter to [CNG's] auditors dated May 7, 2010," which "stated that the [loans] were 'for business purpose[s]' and the borrowers 'are not … related parties.'" Id. ¶ 44. In light of these allegations, the "strong inference" is that defendants, like CNG's investors, were misled by CNG's mendacious executives. See In re Bayou Hedge Fund Litig., 534 F. Supp. 2d 405, 418 (S.D.N.Y. 2007) aff'd sub nom. S. Cherry St., LLC v. Hennessee Grp. LLC, 573 F.3d 98 (2d Cir. 2009) (finding that auditor's "failure to discover the fraud merely places it alongside" other parties who were misled by management).

---

[2] Plaintiffs attach the SEC Complaint in its entirety as Exhibit B to their Amended Complaint. Accordingly, the Court may consider the allegations contained therein on this motion to dismiss. See McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007).

Second, as the Court explained in Hanson I, where the allegedly false statement was an audit opinion, plaintiffs must allege facts showing that the auditor "'either did not in fact hold that opinion or knew it had no reasonable basis for it.'" Hanson I at 15 (quoting In re Lehman Bros., 799 F. Supp. 2d at 302). The Amended Complaint pleads no additional facts directed towards meeting this burden. Moreover, as discussed above, the additional allegations do not supply the requisite inference that defendants recklessly disregarded the warning signs of fraud in making their audit opinions. Thus, the Amended Complaint fails to plead falsity for the same reason it fails to plead scienter. The allegations are simply insufficient to infer that defendants knew their opinions were anything but sound. Accordingly, for this reason too, the Amended Complaint fails to state a claim.

For the foregoing reasons, the Court, by Order dated February 21, 2014, granted defendants' motions to dismiss the Amended Complaint. The Clerk of the Court is directed to enter final judgment dismissing the Amended Complaint with prejudice and to close the case.

SO ORDERED.

Dated: New York, NY
       July 16, 2015

_____
JED S. RAKOFF, U.S.D.J.

11